# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARIUS MANOR**, | : | CIVIL ACTION NO. 1:10-CV-2284 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **WARDEN HOLT**, | : | |
| Respondent | : | |

## **MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241, in which Darius Manor ("petitioner" or "Manor") alleges that the Federal Bureau of Prisons ("BOP") incorrectly computed his federal sentence. For the reasons set forth below, the petition will be denied.

## I.    **Background**

On January 18, 2008, petitioner was arrested by the City of Boston, Massachusetts police department on local charges and was detained. (Doc. 6-1, at 5, ¶ 6.) While in state custody, a federal detainer was lodged against him based on a petition for warrant/summons charging him with committing another crime and, thereby, violating the terms of his October 31, 2008 supervised release from a March 20, 2003 federal sentence imposed by the United States District Court for the District of Massachusetts. (Doc. 6-1, at 13-14.) The January 18, 2008 arrest also resulted in petitioner being federally indicted on a charge that he was a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g). (Doc. 6-1,

at 5, ¶ 7.) Thereafter, the local charges were dismissed and, on March 25, 2008, custody of petitioner was transferred to the United States Marshal's Service.

On May 14, 2008, Manor was found guilty of violating the terms of his supervised release, and he was sentenced by United States District Court for the District of Massachusetts Judge William G. Young to a term of imprisonment of twenty-four months in CR 02-10316-WGY. (Doc. 6-1, at 17.) At sentencing, Manor received credit for time served from January 19, 2008, until the date of sentencing.[1] (Id.) During service of this sentence, Manor was found guilty of violating 18 U.S.C. § 922(g)(1), and sentenced by United States District Court for the District of Massachusetts Judge George A. O'Toole in CR 08-10089-001-GAO to a term of imprisonment of ninety-two months to "run concurrently with the sentence the defendant is currently serving. . . ." (Doc. 6-1, at 21.)

Petitioner was delivered to the custody of the Federal Bureau of Prisons on October 28, 2009. The BOP then aggregated the two terms into one sentence computation utilizing the following rationale:

> Each term of imprisonment was calculated to commence on the date of imposition. This impacts the concurrent service of both terms and creates an "overlap of the two sentences. When calculating the aggregate term, the "overlap" of the concurrent terms is added to the first sentence to establish an overall aggregate term of imprisonment. Manor's sentence computation has been calculated with an overall term in effect of 8 years 10 months and 28 days. Manor received prior custody credit from January 18, 2008, the date he was originally arrested– up through

---

[1]There are two different arrest dates contained in the record – January 18, 2008 and January 19, 2008. Because of this dispute, the inmate has received credit for the day at issue. (Doc. 6-1, at 5, ¶ 7, n 1.)

> May 13, 2008–the day prior to the imposition of his supervised release violator term.

(Doc. 6-1, at 6, ¶ 10.) His projected release date, considering both earned and projected good conduct time, is October 22, 2015. (Doc. 6-1, at 31.)

## II. Discussion

A petition for writ for habeas corpus under § 2241 is the proper vehicle for relief "where the petitioner challenges the effects of events 'subsequent' to his sentence," Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976), and where he challenges the execution of his sentence rather than its validity. See United States v. Addonizio, 442 U.S. 178, 185-88 (1979); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). Thus, petitioner has properly invoked section 2241 to challenge the determination of sentencing credit by the BOP and has done so in the proper district, where he is imprisoned. Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir.1990).

The Attorney General is responsible for computing federal sentences for all offenses committed after November 1, 1987, United States v. Wilson, 503 U.S. 329 (1992), 18 U.S.C. § 3585, and the Attorney General has delegated this authority to the Director of the Bureau of Prisons. 28 C.F.R. § 0.96 (1992). Computation of a federal sentence is governed by 18 U.S.C. § 3585, and consists of a two-step process involving a determination of the date on which the federal sentence commences and consideration of any credit to which petitioner may be entitled.

Section 3585(a) governs the commencement of service of a federal sentence and provides that a sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Credit for time served is governed by 18 U.S.C. § 3585(b). This section provides the following:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Id. Thus, under § 3585(b), prior custody credit cannot be granted if the prisoner has received credit toward another sentence. "Congress made clear that a defendant could not receive double credit for his detention time." United States v. Wilson, 503 U.S. 329, 337 (1992).

Petitioner acknowledges that he received prior custody credit pursuant to § 3585(b), from the date he was arrested on January 18, 2008, until May 13, 2008, the day before he commenced service of his twenty-four-month sentence in CR 02-10316-WGY. However, he takes issue with the fact that the Bureau of Prisons computed his ninety-two-month term of imprisonment imposed in CR 08-10089-001-GAO as having commenced on August 11, 2009. (Doc. 10-2, at 1-3.) He takes the

position that this sentence was retroactively concurrent and, therefore, should have also commenced on January 18, 2008. In relying on excerpts from his sentencing transcript, petitioner argues that pursuant to § 3584, "[t]he Honorable George A. O'Toole, Jr., clearly intended for Petitioner to receive full credit beginning January 18, 2008" in CR 08-10089-001-GAO. (Doc. 9, at 2; Doc. 10-2, at 1-3.)

Federal law, specifically, 18 U.S.C. § 3584 and section 5G1.3 of the United States Sentencing Guidelines ("U.S.S.G."), allows a sentencing court to award a concurrent sentence to a defendant who is subject to an undischarged term of imprisonment. Section 5G1.3 endeavors to coordinate the sentencing process "with an eye toward having such punishments approximate the total penalty that would have been imposed had the sentences for the different offenses been imposed at the same time (*i.e.*, had all of the offenses been prosecuted in a single proceeding)." Wilson, 503 U.S. at 404-05.

The sentencing court's authority under §5G1.3(c) to "adjust" a sentence is distinct from the BOP's authority under 18 U.S.C. §3585(b) to "credit" a sentence, even though the benefit to the defendant may be the same.[2] Ruggiano v. Reish,

---

[2]"A federal court's authority to order that terms of imprisonment imposed at different times shall run concurrently is limited to cases in which the federal term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment. 18 U.S.C. § 3584(a). Under U.S.S.G. § 5G1.3(c), the court may impose a sentence "to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c). Further, under U.S.S.G. § 5G1.3(b), a concurrent sentence is mandatory and shall be imposed to run concurrently to an undischarged sentence when "the undischarged term of imprisonment resulted from offense(s) that have been fully

307 F.3d 121, 131-33 (3d Cir. 2002). In Ruggiano, the court held that in imposing a sentence, a district court may grant an "adjustment" for time served on a pre-existing sentence pursuant to U.S.S.G. §5G1.3(c). Id. To determine the credit intended, "the appropriate starting point is to ascertain the meaning that we should ascribe to the sentencing court's directives." Rios v. Wiley, 201 F.3d at 264 (3d Cir. 2000). When there is an ambiguity between the oral pronouncement of sentence and the written sentence, the court may recognize that the oral sentence "often consists of spontaneous remarks" that are "addressed primarily to the case at hand and are unlikely to be a perfect or complete statement of the surrounding law." Ruggiano, 307 F.3d at 133 (quoting Rios, 201 F.3d 257, 268 (3d Cir. 2000). It is therefore essential to consider the context in which the statement is made. Id. at 134.

> The following occurred at the sentencing hearing:
>
> The Court: Let me just ask probation about how credit will be calculated in this case. As I understand it, the arrest was on January 18th of '08, and then the violation of probation was, I think, May 14th.
>
> Mr. Orze: I believe.
>
> The Court: So at least beginning May 14th, he's in custody on the sentence on the prior case.
>
> Mr. Orze: Yes, your Honor.

---

taken into account in the determination of the offense level for the instant offense." U.S.S.G. § 5G1.3(b)." Escribano v. Schultz, Civ. No. 07-3204 (RBK), 2009 WL 3230833, at * 1 (D. N.J. Oct. 1, 2009)

The Court:  The revocation.  Was credit given against that sentence from January - -

Mr. Orze:  I believe credit was given for the revocation from January to then, if I'm not mistaken.

The Court:  Does that mean there's no credit to be given on this sentence, or would it be the same?

Mr. Orze:  It would remain - - depending on how the sentence ran, he would get the - - if it ran consecutively, he would not receive any credit for the time that - -

Mr. Budreau:  Your Honor, I don't think - - I don't think he was - -

The Court:  If it was concurrent, then it would be whatever was calculated under the other one, which started on January - -

Mr. Orze:  I believe that's - -

The Court:  - - 10th.

Mr. Budreau:  And I would differ only on the - - when the credit for the underlying revocation started only because he was in state custody from January till the May hearing.  So I think - - even though it was the same - -

The  Court:  It was the same offense.

Mr. Budreau:  - - it was the same offense, I don't think it was credited, but - -

Mr. Hafer:  Your Honor, the government's position is that the defendant should receive credit from the time he was in custody on the underlying matter on - - if it hasn't been apportioned with respect to the Judge Young ruling, then I believe the government's position is - - I believe he is entitled to credit since he's been in custody on the case and the judgment - -

The Court:  Yeah.  I don't think the fact that it was state custody versus federal custody when it's the same offense matters.

The [sic] Mr. Orze:  Right.  I believe he does receive credit.

> The Court: Right. The question is: Has he already gotten it? And I guess it's only pertinent to the question of a consecutive sentence - -
>
> Mr. Budreau: Correct.
>
> The Court: - - because if it's concurrent then it wouldn't matter. Either he gets it on this one or he gets it on the other one if it's concurrent, right"
>
> Mr. Orze: Right.

(Doc. 10-2, at 1-3.) The judgment of conviction states that "[t]he defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 92 month(s) on count 1 to run concurrently with the sentence the defendant is currently serving in CR 02-10316-WGY." (Doc. 6-1, at 21.) In addition, the court recommended that the Bureau of Prisons take into account defendant's family circumstances when designating a facility and remanded him to the custody of the United States Marshal. (Id.)

Review of the sentencing transcript and the judgment of conviction reveals that the sentencing court simply intended that the new sentence run concurrent with the undischarged portion of the prior federal sentence. "Because the imposition of a concurrent sentence normally means that the sentence imposed is to run concurrently with the undischarged portion of the earlier-imposed sentence, it is unlikely that a sentencing court would deviate from the norm and impose a retroactively concurrent sentence without any discussion. See 18 U.S.C. § 3584; Ruggiano v. Reish, 307 F.3d 121, 133 (3d Cir. 2002)." Markland v. Nash, No. 05-4708, 2007 WL 776775, at * 8 (D. N.J. March 7, 2007). There is no indication that the

sentencing judge had any intent of making the sentence retroactively concurrent. In cases where it has been concluded that the sentencing judge intended to impose a retroactively concurrent sentence, the sentencing court engaged in a dialog on the issue of credit for time served and explicitly directed that the defendant receive credit retroactive to the commencement date of defendant's earlier imposed sentence. See Ruggiano, 307 F.3d, at 131, 135. Although credit for time served was discussed during the sentencing hearing, it is clear that the judge's concern was that petitioner receive the credit for time he spent in state custody. That the credit was afforded on the revocation sentence or the sentence he was about to impose was immaterial to Judge O'Toole. Further, unlike the judgment of conviction filed in CR 02-10316-WGY, which specifically recommended that petitioner receive credit for time served from January 19, 2008 to the date of sentencing, the judgment of conviction in CR 08-10089-001-GAO, is silent on the subject.

    Therefore, this Court finds that the sentencing court did not intend for petitioner's sentence to run retroactively concurrent, and that the ninety-two month sentence was to run concurrently with the undischarged portion of his sentence in CR 02-10316-WGY from the date the sentence was imposed in CR 08-10089-001-GAO. Accordingly the writ of habeas corpus will be denied.

**III.** **Conclusion**

Based on the foregoing, the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is hereby denied. An appropriate Order accompanies this Memorandum.

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge


Dated:      August, 24, 2011

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARIUS MANOR,** | : | CIVIL ACTION NO. 1:10-CV-2284 |
| **Petitioner** | : | (Judge Conner) |
| v. | : | |
| **WARDEN HOLT,** | : | |
| **Respondent** | : | |

## **ORDER**

AND NOW, this 24th day of August, 2011, upon consideration of the petition for writ of habeas corpus (Doc. 1), it is hereby ORDERED that:

1. The petition for writ of habeas corpus is DENIED.

2. The Clerk of Court is directed to CLOSE this case.

           S/ Christopher C. Conner
           CHRISTOPHER C. CONNER
           United States District Judge